TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 96-904 |
| of | : | |
| | : | April 25, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE BILL LEONARD, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following questions:

1. Are full-time and part-time arson investigators of a local fire department eligible to receive identification certificates with concealed weapons endorsements when they retire?

2. If so, who is authorized to issue the identification certificates with the concealed weapons endorsements to qualified arson investigators?

CONCLUSIONS

1. Full-time arson investigators of a local fire department are eligible to receive identification certificates with concealed weapons endorsements when they retire if they were authorized to carry firearms and in fact did so during the course and scope of their employment. Part-time arson investigators of a local fire department are eligible to receive identification certificates with concealed weapons endorsements when they retire if their employing agency authorized them to act as peace officers while performing their primary duties, i.e., enforcing fire prevention or suppression laws, and they were authorized to carry firearms and in fact did so during the course and scope of their employment.

2. The fire chief is authorized to issue the identification certificates with concealed weapons endorsements to qualified arson investigators.

ANALYSIS

Penal Code section 12025 **Footnote No. 1** sets forth the circumstances under which the crime of carrying a concealed weapon is committed. Exemptions to the prohibition on carrying a concealed weapon are found in section 12027, which in relevant part provides:

"Section 12025 does not apply to, or affect, any of the following:

"(a)(1)(A) Any peace officer, listed in Section 830.1 or 830.2, whether active or honorably retired, other duly appointed peace officers, honorably retired peace officers listed in subdivision (c) of Section 830.5, *other honorably retired peace officers who during the course and scope of their employment as peace officers were authorized to, and did, carry firearms . . . . Any peace officer described in this paragraph who has been honorably retired shall be issued an identification certificate by the law enforcement agency from which the officer has retired.* The issuing agency may charge a fee necessary to cover any reasonable expenses incurred by the agency in issuing certificates pursuant to this subdivision. As used in this section and Section 12031, the term `honorably retired' includes all peace officers who have qualified for, and have accepted, a service or disability retirement. For purposes of this section and Section 12031, the term `honorably retired' does not include an officer who has agreed to a service retirement in lieu of termination.

"(B) Any officer . . . shall have an endorsement on the identification certificate stating that the issuing agency approves the officer's carrying of a concealed firearm.

` ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2) A retired peace officer . . . shall petition the issuing agency for the renewal of his or her privilege to carry a concealed firearm every five years. . . . The agency from which a peace officer is honorable retired may, upon initial retirement of that peace officer, or at any time subsequent thereto, deny or revoke, for good cause the retired officer's privilege to carry a concealed firearm. . . ."

Section 12027.1 states in relevant part:

"(b)(1)   An identification certificate authorizing the officer to carry a concealed and loaded firearm or an endorsement may be revoked or denied by the issuing agency only upon a showing of good cause. Good cause shall be determined at a hearing, as specified in subdivision (d).

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) A retired peace officer, when notified of the revocation of his or her privilege to carry a concealed and loaded firearm, after the hearing, or upon forfeiting his or her right to a hearing, shall immediately surrender to the issuing agency his or her identification certificate. The issuing agency shall reissue a new identification certificate without an endorsement. . . .

"(d) Any hearing conducted under this section shall be held before a three-member board. One member of the board shall be selected by the agency and one member shall be selected by the retired peace officer or his or her employee organization. The third member shall be selected jointly by the agency and the retired peace officer or his or her employee organization.

" Any decision by the board shall be binding on the agency and the retired peace officer.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

The two questions presented for resolution concern whether retired full-time and part-time arson investigators of a local fire department are eligible to receive identification certificates with concealed weapons endorsements under the terms of section 12027, and if so, who may issue the certificates to them. **Footnote No. 2**

1. Eligibility To Carry a Concealed Weapon

In determining whether retired full-time and part-time arson investigators of a local fire department may meet the qualifications of section 12027, we first consider whether they acted as "peace officers" during the course and scope of their employment. Section 830 provides:

"Any person who comes within the provisions of this chapter [sections 830-832.9] and who otherwise meets all standards imposed by law on a peace officer is a peace officer, and not withstanding any other provision of law, no person other than those designated in this chapter is a peace officer. The restriction of peace officer functions of any public officer or employee shall not affect his or her status for purposes of retirement."

Section 830.37 specifically provides with respect to arson investigators:

"The following persons are peace officers whose authority extends to any place in the state for the purpose of performing their primary duty or when making an arrest pursuant to Section 836 as to any public offense with respect to which there is immediate danger to person or property, or of the escape of the perpetrator of that offense, or pursuant to Section 8597 or 8598 of the Government Code. These peace officers may carry firearms only if authorized and under terms and conditions specified by their employing agency:

"(a) Members of an arson-investigating unit, regularly paid and employed in that capacity, of a fire department or fire protection agency of a county, city, city and county, district, or the state, if the primary duty of these peace officers is the detection and apprehension of persons who have violated any fire law or committed insurance fraud.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

As recently explained in *Service Employees International Union Local 715, AFL-CIO* v. *City of Redwood City* (1995) 32 Cal.App.4th 53, 59-60:

"Chapter 4.5 specifies dozens of government employees as peace officers, sometimes simply by job title, but more often by reference both to a position and its primary duties. In general, chapter 4.5 names some classifications of employees as peace officers whose powers are either specified or limited, provides that other employees are not peace officers but may exercise some peace officer functions under certain circumstances, denies peace officer status to some classifications, and denies or restricts the right of some peace officers to carry firearms. [Citation.] The plain import of this statutory system is that the Legislature intended to grant peace officer status, and the powers and authority conferred with that status in particular instances, subject to carefully prescribed limitations and conditions."

With respect to the retired full-time arson investigators, we believe that they would qualify as peace officers under the terms of section 830.37, subdivision (a). As arson investigators, their duties were to investigate crimes of arson, i.e., "the detection and apprehension of persons who have violated any fire law or committed insurance fraud." That was what they were "regularly paid and employed" to do as "[m]embers of an arson-investigating unit." We interpret the provisions of section 830.37 in a reasonable and common sense manner. (See *California Correctional Peace Officers Assn.* v. *State Personnel Bd.* (1995) 10 Cal.4th 1133, 1147 ["a practical construction is preferred"]; *Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1165 ["it is presumed the Legislature intended reasonable results . . ."].) Accordingly, while some members of an arson-investigating unit may not be employed to investigate violations of law or insurance fraud, the primary duty of arson investigators would so qualify as "the detection and apprehension of persons who have violated any fire law or committed insurance fraud" within the meaning of section 830.37,

subdivision (a).

Even though they were peace officers, however, the full-time arson investigators in question may not have been authorized to carry firearms by their employing agency, or even if authorized, may not have actually carried firearms while performing their duties. Both requirements must be met under the terms of section 12027, subdivision (a)(1)(A), in order to be eligible for an identification certificate with a concealed weapons endorsement.

We thus conclude that full-time arson investigators of a local fire department are eligible to receive identification certificates with concealed weapons endorsements when they retire if they were authorized to carry firearms and in fact did so during the course and scope of their employment.

The retired part-time arson investigators, on the other hand, would not meet the test of having been peace officers as defined in section 830.37, subdivision (a). They would not have been "regularly paid and employed" as "[m]embers of an arson-investigating unit, having "the primary duty of . . . the detection and apprehension of persons who have violated any fire law or committed insurance fraud." Instead, a part-time arson investigator is typically "regularly paid and employed" to perform fire prevention or fire suppression law enforcement duties. Such persons are called upon only occasionally to help in arson investigations. They often volunteer for the assignments and conduct their investigative services "off-shift" in addition to their regularly assigned duties. They normally do not carry firearms while performing their primary fire prevention or fire suppression enforcement duties. (See *Service Employees Internat. Union* v. *City of Redwood City*, *supra*, 32 Cal.App.4th at 55-58.)

It is conceivable that a part-time arson investigator could qualify as a peace officer under the terms of section 830.37, subdivision (b), which state:

"Members other than members of an arson-investigating unit, regularly paid and employed in that capacity, of a fire department or fire protection agency of a county, city, city and county, district, or the state, if the primary duty of these peace officers, when acting in that capacity, is the enforcement of laws relating to fire prevention or fire suppression."

In *Service Employees Internat. Union* v. *City of Redwood City*, *supra*, 32 Cal.App.4th 53, the court examined in detail the requirements of section 830.37, subdivision (b). It traced the legislative history of the statute and concluded that under subdivision (b), "fire department members are peace officers if they act in the capacity of peace officers and their primary duty when they do so is to enforce the fire [prevention or suppression] laws." (*Id*., at p. 62.) It is for the employing agency to determine "whether its fire department members will act in the capacity of peace officers." (*Id*., at p. 63.)

Given this judicial construction of subdivision (b) of section 830.37, we conclude that part-time arson investigators meet the standard for being "peace officers" if their employing agency authorizes them to act as peace officers while performing their primary duties, i.e., enforcing fire prevention or fire suppression laws. Upon honorable retirement, pursuant to section 12027, subdivision (a)(1)(A), they must also have been authorized to carry a firearm and in fact have carried a firearm "during the course and scope of their employment as peace officers" in order to be eligible for identification certificates with concealed weapons endorsements.

2.  Issuance of an Identification Certificate

We next consider who is authorized to issue identification certificates with concealed weapons endorsements to qualified retirees. Section 12050 allows only the sheriff of a county or the head of a municipal police department to issue a license to carry a concealed weapon. However, a retired peace officer meeting the requirements of section 12027, subdivision (a)(1)(A), "shall be issued an identification

certificate by the law enforcement agency from which the officer has retired" with a concealed weapons endorsement unless the privilege to carry a concealed weapon is denied or revoked for "good cause" (§ 12027, subd. (a)(2)).

The concealed weapons endorsement of an identification certificate under the terms of section 12027 differs from the licensure requirements of section 12050. An officer who is currently employed is exempt pursuant to section 12027 from having to obtain a concealed weapons license. Similarly, a retired peace officer who has the appropriate identification certificate is exempt from the licensure requirements of section 12050. (See 70 Ops.Cal.Atty.Gen. 20 (1987).)

The conclusion that issuance of an identification certificate with a concealed weapons endorsement is a separate process from licensure as a means of authorizing the carrying of a concealed weapon is confirmed by a comparison of the procedures applicable when a certificate or license is revoked. Revocation of a retired peace officer's concealed weapons identification certificate generally requires a hearing by a three-member board. (§ 12027.1, subd. (d).) Revocation of a license is "highly discretionary" and without the requirement of an evidentiary hearing. (*Nichols* v. *County of Santa Clara* (1990) 223 Cal.App.3d 1236, 1241-1245.)

Since an identification certificate with a concealed weapons endorsement provides an exemption from the licensure requirements, the specification of the sheriff or head of the police department as the person who may issue a license is not relevant to issuance of a certificate. The certificate, as clearly stated by the Legislature, is to be issued by the law enforcement agency from which the officer has retired. (§ 12027, subd. (a)(1)(A).) In the case of a retired arson investigator, the issuing agency would be the employing fire department. The fire chief, as the head of that agency, would be authorized to issue the identification certificate with the concealed weapons endorsement.

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Penal Code are by section number only.

**Footnote No. 2**
We note that section 12031 prohibits the carrying of a loaded firearm in a vehicle or public place; the prohibition applies to all firearms, whether concealed or not. Subdivision (b) of section 12031 contains an exemption from this prohibition similar to the one contained in section 12027, subdivision (a)(1)(A), for concealed weapons. A peace officer may qualify for an identification certificate with an endorsement authorizing the carrying of a concealed and loaded firearm. Our analysis herein with respect to concealed firearms is equally applicable to loaded firearms.